IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YOUBYOUNG PARK,

     Plaintiff,

v.                                      Case No. 1:11-cv-987 JCH/RHS

ADAM GAITAN, et al.,

     Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS MATTER comes before the Court on Defendants' Objections to Order Granting Plaintiff's Motion for Leave to File First Amended Complaint Based on Newly Discovered Evidence ("Objections") (Doc. 55). On December 24, 2012, Plaintiff filed a Motion For Leave to File Amended Complaint Based on Newly Discovered Evidence ("Motion for Leave") (Doc. 41). Defendants filed Defendants' Response to Plaintiff's Motion for Leave to Amend Complaint ("Defendants' Response") on January 11, 2013, asserting that Plaintiff failed to "make the requisite showing that they are entitled to amend their Complaint under either Rule 16 or Rule 15 and the proposed amendments are futile" (Doc. 45). Defendants contend that they were entitled to the entry of an Order denying the Motion to Amend. Id. On February 11, 2013, the Magistrate Judge entered an Order Granting Plaintiff's Motion for Leave to File First Amended Complaint ("Order") (Doc. 53). On February 20, 2013, Defendants filed their Objections (Doc. 55). Plaintiff filed his Response (Doc. 58) on March 4, 2013. On March 18, 2013, Defendants filed their Reply (Doc. 59). The Court considers the Motion for Leave *de novo*. After carefully considering the pleadings on file, and applicable law, the Court finds that Plaintiff's Motion for Leave is well-taken and should be GRANTED and that Defendants' Objections should be OVERRULED.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff raises claims as a result of an incident that occurred when Defendants served a search warrant at Plaintiff's business in the investigation of a crime that occurred in close proximity to the business.  The Complaint (Doc. 1) contains three counts based on federal and state law.  The federal claims are brought under the Civil Rights Act, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution (Counts I and II); the state law tort claims are for assault, battery, false arrest, false imprisonment and emotional distress (Count III).

Plaintiff seeks to amend his Complaint to add a claim against Defendant Gaitan under the First Amendment to the United States Constitution (Count IV).  He further seeks to amend Paragraphs 11, and 19 through 22 contained in the Factual Background of the Complaint "in accordance with Plaintiff's deposition testimony" (Doc. 41).  On February 11, 2013, the Magistrate Judge allowed the amendment (Doc. 53).  Then, Plaintiff filed his Amended Complaint (Doc. 54).  On February 20, 2013, Defendants filed their Objections to the Magistrate Judge's Order (Doc. 55).  Defendants' also filed their Unopposed Motion for Extension of Time to Answer Amended Complaint (Doc. 56) on February 21, 2013 seeking an extension to answer until after the District Judge ruled on Defendants' Objections to the Order allowing Plaintiff to amend his complaint.  The Magistrate Judge granted the extension on February 22, 2013 (Doc. 57).

In support of their contention that the Magistrate Judge's "Order is clearly erroneous and contrary to law" (Doc. 55), Defendants make four arguments: (1) there was a failure to correctly apply the "good cause" standard of Rule 16(b); (2) there was a failure to apply the appropriate standard of Rule 15(a); (3) there was a failure to consider Defendants' futility argument; and (4)

a failure to "address the proposed amendments to the Complaint occasioned solely by plaintiff's counsel's misstatements when authoring the Complaint." Id.

## II. DISCUSSION

A magistrate judge's order on a non-dispositive matter may be reversed only upon a finding that the order was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard, a district judge must affirm a decision of a magistrate judge unless on the entire record he or she is "left with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indust., 847 F.2d 1458, 1464 (10th Cir. 1988). When reviewing a question of law, the standard of review is *de novo*. Weekoty v. United States, 30 F. Supp. 2d 1343, 1344 (D. N. M. 1998).

Fed. R. Civ. P. 16(b)(4) and Fed. R. Civ. P. 15 provide the applicable law to determine whether to grant Plaintiff leave to amend. Here, leave to amend requires modification of a deadline that was approved by the Magistrate Judge which implicates Rule 16(b)(4). Rule 16 only allows modification of pretrial deadlines imposed by a scheduling order for "good cause." Bylin v. Billings, 568 F.3d 1224, 1231 (10th Cir. 2009); Fed.R.Civ.P. 16. District courts are "afforded wide discretion" in the application of the rule. Id. "The rule 'focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." Gerald v. Locksley, 849 F.Supp.2d 1190, 1210 (D. N.M. 2011). In the context of untimely motions to amend where a scheduling order governs, the Tenth Circuit has stated the Rule 16 requires the moving party to demonstrate diligence in attempting to meet the deadline or adequately explain any delay. Id.

In the Motion for Leave, Plaintiff asserts that at the October 16, 2012 deposition of Defendant Gaitan, Plaintiff discovered that his video surveillance equipment that was seized by

Defendants, pursuant to the search warrant, and was no longer needed for the law enforcement investigation (Doc. 41).  Plaintiff further asserts that Defendant Gaitan's testimony was that an "FBI-trained computer forensics detective" was unable to retrieve any data from the equipment (Doc. 41 at 2).  Plaintiff represents that after Defendant Gaitan's deposition "continued efforts to obtain return of Plaintiff's …equipment" was undertaken.  Id.  Plaintiff's counsel further asserts that he attempted to gain possession of the equipment through informal means as contemplated by Fed. R. Civ. P. 26 and 37 prior to the filing of a motion to compel (Doc. 51).  Plaintiff's request for the return of the equipment ultimately required the filing of a Motion to Compel (Doc. 33) and culminated in an Order compelling return of the equipment being filed December 14, 2012 (Doc. 39).  Plaintiff contends that he was diligent in pursuing the return of the equipment but explained how other circumstances have contributed to complications in prosecuting his case.  In his Reply to Defendants' Response to Motion for Leave, Plaintiff explains that he initially retaining counsel, Mary Y.C. Han, before her untimely death in November 2010 (Doc. 51).  Plaintiff, who speaks Korean and very little English, retained Ms. Han because she too spoke Korean.  Id.  After Ms. Han's death the case was transferred to another attorney within the firm who does not speak Korean and he has to contend with a language barrier.  Id.  The attorney who took over Plaintiff's case after Ms. Han's death and who prepared the Complaint is no longer employed by the firm representing Plaintiff.  This in turn required transfer to another attorney at the firm.

Plaintiff's Motion for Leave asserts that Plaintiff was unable to amend the Complaint until the surveillance equipment was returned and he had the opportunity to determine if there was a recording of the incident that could be downloaded.  Defendants primarily argue that the Court should consider whether the party seeking amendment knows of or should have known of

the facts on which the proposed amendment is based (Doc. 45 at 5).  They assert that Plaintiff

was present during the incidents that were "merely memorialized via videotape" (Doc. 45 at 5)

but, "knew the facts upon which to base his First Amendment" claim (Doc. 59 at 2).

Defendants contend that Plaintiff had every opportunity to plead a First Amendment cause of

action at the time of the filing the original Complaint.  Id. at 6.  Defendants assert that Plaintiff

was not diligent because he did not inquire about the equipment until Defendant Gaitan's

deposition.  Id. at 7. Specifically, they point out Plaintiff's discovery requests being devoid of

any mention of the equipment.  Id.  Defendants claim that Plaintiff replaced the surveillance

system prior to the filing of the original Complaint, "felt no significant inconvenience," and so

he did not pursue return of the equipment (Doc. 45 at 7).  Defendants argue that Plaintiff had all

the information necessary to file the amendment timely and did not need to retrieve the

equipment therefore Plaintiff was not diligent.  Id.  They conclude that "Plaintiff cannot establish

that the scheduling deadlines could not be met despite his diligent efforts" (Doc. 45 at 8).

    While the Court agrees that there was a delay, Plaintiff's explanation for the delay in

seeking leave to amend given the circumstances satisfied the requirements of Fed. R. Civ. P. 16.

The Court, considering, all of the pleadings and representations of the parties, finds that the

Plaintiff demonstrated "good cause."  The Court concludes that the Magistrate Judge did not err

in granting the Motion to Amend.

    Next, the Court considers Defendants' objection that the Magistrate Judge failed to apply

the appropriate standard of Rule 15.  After a responsive pleading has been filed, a plaintiff may

amend the complaint only by leave of the court or upon written consent of the adverse parties.

Fed. R. Civ. P. 15(a).  Leave to amend shall be freely granted when justice so requires.  Id.

However, if the court determines that there has been undue delay, bad faith, dilatory motive on

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, leave to amend may be denied.  Foman v. Davis, 371 U. S. 178 (1962).  The grant or denial of a motion to amend under Rule 15(a) is within the discretion of the Court.

Defendants assert that the amendment should be disallowed because of untimeliness, futility, undue prejudice and for dilatory motive (Doc. 55).  First Defendant states that the amendment is untimely because Plaintiff's Motion for Leave was filed after the amendment deadline of June 4, 2012 and after Defendants filed their Motion for Summary Judgment.  Id. Plaintiff points out that the Defendants failed to return the video surveillance equipment until after the motion for summary judgment was filed.  Although the Motion for Leave was filed after the deadlines, Plaintiff offers a reasonable explanation for delay because of several situations including changes in representation and the inability to access the surveillance equipment without court intervention as discussed above.

Defendants also assert futility assuming that Defendant Gaitan "would be entitled to qualified immunity as a matter of law with regard to the proposed First Amendment Claim" (Doc. 55).  An amendment to a complaint is futile if the Plaintiff can prove no set of facts in support of his amendment that would entitle him to relief.  Smith v. Colorado Dept. of Corrections, 23 F.3d 339, 340 (10th Cir. 1994) (citing Conley v. Gibson, 355 U.S. 41, 47–48 (1957)).  Courts are justified in denying motions to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim.  Schepp v. Fremont County, Wyo., 900 F.2d 1448, 1451 (10 Cir. 1990) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir.1989); Glick v. Koenig, 766 F.2d 265, 269 (7th Cir.1985); DeLoach v. Woodley, 405 F.2d 496, 497 (5th

Cir.1968).  The Court has not decided whether Defendants are entitled to qualified immunity.

The Magistrate Judge by his decision to allow the amendment declined to make a decision on an

issue presently before this Court on the Motion for Summary Judgment (Doc. 37).

   Next, Defendants argue that the proposed amendments should be denied because the

Defendants would be subject to undue prejudice.  Prejudice under Rule 15 occurs where an

amended claim causes undue difficulty in prosecuting or defending a lawsuit as a result of a

change in tactics or theories by the other party.  Minter v. Prime Equipment Co., 451 F.3d 1196

(10th Cir. 2006).  Defendants assert that the First Amendment claim could have been raised in

the initial Complaint (Doc. 55).  They claim that denial is proper since discovery has ended and

dispositive motions have been filed.  Id.   Generally Courts find prejudice where the

amendment(s) raise significant factual issues or arise from different subject matter.  Minter v.

Prime Equipment Co., 451 F.3d at 1208.   Parties routinely seek extensions of discovery and

other case management deadlines.  Plaintiff's discovery that he could retrieve the equipment did

not occur until Defendant Gaitan's deposition.  Thereafter, Plaintiff pursued recovery of the

equipment and when it was returned Plaintiff was able to have the recordings downloaded within

seven (7) days with copies provided to Defendants (Doc. 41).   Defendants claim they are

unfairly prejudiced because of a delay in disposition or the fact dispositive motions have been

filed.  The Magistrate Judge noted in the Order allowing the amended complaint that no trial date

has been set; he did not find prejudice to the Defendants.  The Court agrees.

   Finally, Defendants argue that Plaintiff's Motion to Amend was filed with dilatory

motives because of the pending dispositive motions and Plaintiff's "desperate effort to protract

the litigation and complicate the defense" (Doc. 55).   Defendant's Objection to the Magistrate

Judge's Order allowing the amended complaint states that "there is no indicia in the Order that

the Magistrate Judge considered plaintiff's motives" and Defendants claim that it is contrary to

the law. (Doc. 55 at 17.)  Although not lengthy, the Magistrate Judge's Order provides that

Plaintiff's explanation for the delay in seeking leave to file the amended complaint satisfied the

inquiry required by Fed. R. Civ. P. 15(a)(1)(B)(2) and D.N.M. LR-Civ. 16.1 and that cause exists

to grant the Plaintiff's Motion (Doc. 53).  While the Magistrate Judge did not specifically

address each and every one of the parties' arguments does not necessarily render his decision

clearly erroneous or contrary to law.  The Court, likewise, is persuaded that the challenges faced

by Plaintiff in pursuing the instant litigation and explained in Plaintiff's pleadings were

sufficient to allow the Magistrate Judge to make a reasoned decision.  Moreover, the Court finds

that the Magistrate Judge did not err in concluding that the Plaintiff should be allowed to amend

his Complaint.

"[T]he law favors the resolution of legal claims on the merits." Walker v. United Parcel

Serv., Inc., 240 F.3d 1268, 1272 (10th Cir. 2001). Without resolving the pending motion for

summary judgment, I cannot say as a matter of law that Plaintiff's claims would be subject to

dismissal or summary judgment. Having considered the arguments advanced by counsel de

novo,

I find that the motion to file the first amended complaint was properly granted. The objections to

the Magistrate Judge's order are overruled.

THEREFORE IT IS ORDERED that Defendants' Objection to the Magistrate Judge's

Order granting Plaintiff's Motion To Amend Complaint (Doc. No. 55) is hereby OVERRULED.

_____
UNITED STATES DISTRICT JUDGE